Dismissed and Memorandum Opinion filed March 30, 2004









Dismissed and Memorandum Opinion filed March 30, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00082-CV

____________

 

DAN THOMAS,
Appellant

 

V.

 

UNIVERSITY OF
TEXAS MEDICAL BRANCH, ET AL., Appellees

 



 

On Appeal from the 278th District
Court

Walker County, Texas

Trial Court Cause No.
22,175

 



 

M E M O R A N D U M  O P I N I O N

This is a restricted appeal from an order dismissing
appellant=s suit as frivolous, which was signed
October 16, 2003.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)(1) (Vernon 2002).  The notice of appeal was filed on January 12,
2004.  The clerk=s record has not been filed because
the district clerk has not received payment for preparation of the record.  See Tex.
R. App. P. 35.3(a).  








Appellant filed an untimely affidavit of inability to pay
costs on February 17, 2004.  See Tex. R. App. P. 20.1(c) (requiring the
affidavit to be filed with or before the notice of appeal).  In addition, the district clerk informed this
court that the affidavit was deficient because it failed to include a certified
copy of appellant=s inmate trust account statement.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.004(c) (Vernon 2002).  We also note that no affidavit relating to
appellant=s previous filings was
submitted.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.004(a) (Vernon 2002)

On February 11, 2004, notification was transmitted to all
parties of the court=s intent to dismiss the appeal for want of prosecution
unless, within fifteen days, appellant paid or made arrangements to pay for the
record and provided this court with proof of payment.  See Tex.
R. App. P. 37.3(b).  To date, the
clerk=s record has not been filed, and
appellant has not provided this court with proof of payment for its
preparation.  Appellant=s only response has been a request to
reconsider the finding that his affidavit of indigence was filed untimely.  This court may extend the time to file an
affidavit of indigence only if appellant has filed a motion complying with rule
10.5(b) within fifteen days after the deadline for filing the affidavit.  Tex.
R. App. P. 20.1(c)(3).  No timely
motion for extension was filed in this case. 
Moreover, appellant did not provide a sufficient affidavit satisfying
the requirements of the statute.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 14.004 (Vernon 2002) (requiring
affidavit relating to previous filings and certified copy of trust
account).  

Accordingly, the appeal is ordered dismissed. 

 

PER CURIAM

 

 

Judgment rendered and Memorandum
Opinion filed March 30, 2004.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman.